# **EXHIBIT B**

11/24/2020 4:05 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48403672
By: C Ougrah
Filed: 11/24/2020 4:05 PM

**2020-75888 / Court: 165**

CAUSE NO. _____

| | | |
|---|---|---|
| **JUAN CERVANTES** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| v. | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **PANDA EXPRESS, INC. and** | § | |
| **PANDA RESTAURANT GROUP, INC.** | § | \_\_\_\_ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Plaintiff Juan Cervantes ("Plaintiff Cervantes"), to file this Original Petition and Request for Disclosure complaining of Panda Express, Inc. and Panda Restaurant Group, Inc. (collectively as "Defendants") and for cause of action would respectfully show:

**I.**

Plaintiff intends to conduct discovery under Level II, pursuant to 190.3 of the Texas Rules of Civil Procedure.

**II.**

Plaintiff Juan Cervantes is a resident of Harris County, Texas. The last three digits of Plaintiff's Texas driver's license are 869 and the last three digits of his social security number are 278.

Defendant Panda Express, Inc. is a foreign for-profit corporation registered to do business and doing business in the state of Texas; service upon this Defendant may be obtained by serving its registered agent: <u>C T Corporation System, Suite 900, Dallas, Texas 75201, or wherever they may be found.</u>

Defendant, Panda Restaurant Group, Inc., is a foreign corporation. As such, it is a "non-resident" as that term is defined and understood under §17.041 of the Texas Civil Practice and Remedies Code. Accordingly, for purpose of securing service of process on the Defendant, Panda Restaurant Group, Inc., the Plaintiff pleads and will prove the following:

a. Defendant, Panda Restaurant Group, Inc., committed a tort in whole or in part in this state. As such, Defendant, Panda Restaurant Group, Inc., was doing business in this state, as that term is defined and understood under §17.042 of the Texas Civil Practice and Remedies Code;

b. At the time of the institution of this litigation, the Defendant, Panda Restaurant Group, Inc., was a foreign corporation, and as such, is a "nonresident" as that term is defined and understood under § 17.041 of the Texas Civil Practice and Remedies Code; and

c. At all times material hereto, the Defendant, Panda Restaurant Group, Inc., engaged in business in this state, but does not maintain a regular place of business in this state and has not designated or maintained a registered agent for service of process.

Accordingly, pursuant to §17.044 of the Texas Civil Practice and Remedies Code, the secretary of State of the State of Texas is the agent for service of process on the Defendant, Panda Restaurant Group, Inc., and service on the Defendant Panda Restaurant Group, Inc., may be obtained by serving the Secretary of State of the State of Texas at 1019 Brazos Street, Austin, Texas 78701 in Travis County.

This incident occurred in Harris County, Texas.

**Plaintiff's Original Petition and Request for Disclosure**
- 2 -

## III.

Damages sought are within the jurisdictional limits of this Court. Plaintiff seeks monetary relief of over $200,000.00 but not more than $1,000,000.00.

This Court has jurisdiction and venue is proper in Harris County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) in that all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

## IV.

On or about December 7, 2018, Plaintiff was an invitee of the Panda Express restaurant located at 431 Farm to Market 1960 Rd. W. in Houston, Harris County, Texas. On the occasion in question, Plaintiff was leaving the restaurant when he slipped and fell due to a slippery floor that posed an unreasonable risk of harm to Plaintiff and others. This facility was owned, operated, managed and/or maintained by Defendants Panda Express, Inc. and parent company, Panda Restaurant Group, Inc. Defendants had actual knowledge of the danger. Plaintiff did not have actual knowledge of the danger posed by the slippery floor. As a result of the incident and Defendant's breach, Plaintiff sustained serious personal injuries as described herein.

## V.

Plaintiff would show that the incident in question and his resulting injuries and damages were brought about and caused due to the negligence and carelessness of Defendants through the actions of one or more of its agents, servants and/or employees, in some or more of the following ways, to-wit:

1. In failing to maintain the premises in question in a reasonably safe condition and free of hazards to Plaintiff and other invitees entering the premises;

2. In failing to correct the unreasonably dangerous condition which was created by the slippery floor in question;

3. In failing to adequately warn invitees, including the Plaintiff, of that condition;

4. In failing to properly inspect the premises in question to discover the unreasonably dangerous condition created by the slippery floor in question;

5. In failing to properly train its agents, servants, and/or employees regarding the proper manner in which to make the premises reasonably safe;

6. In failing to implement proper policies, rules, and/or procedures to make its premises reasonably safe; and

7. The condition and location of the slippery floor posed an unreasonable risk of harm to invitees of Defendants of which Defendants knew, or reasonably should have known.

The above acts or omissions by Defendants, singularly or collectively, constituted negligence and proximately caused Plaintiff's injuries and damages.

**VI.**

As a direct and proximate result of the aforementioned acts and omissions of negligence by Defendants, Plaintiff sustained the following damages for which he is legally entitled to recover:

1. Necessary and reasonable medical expenses, past and future;
2. Physical pain and mental anguish, past and future;
3. Physical impairment, past and future;
4. Disfigurement, past and future;
5. Loss of wages/earning capacity, past and future; and
6. Pre-judgment interest and costs of Court.

**Plaintiff's Original Petition and Request for Disclosure**
- 4 -

If it be found that Plaintiff was suffering from any predispositions, conditions or bodily infirmities prior to the date of the collision, Plaintiff would show unto the Court and jury that the same was neither disabling nor painful, but that as a result of the injuries suffered by Plaintiff on such occasion, and the effects thereof, the same had been incited, accelerated, and aggravated to such an extent that they have now become painful and disabling as described herein.

## VII.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this request.

## VIII.

Please take notice that, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, for purposes of self-authentication, any and all documents produced by Defendants to Plaintiff in response to written discovery will be used against Defendants at any pretrial proceeding or trial.

## IX.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein; that upon trial hereof Plaintiff have judgment of the Court against such Defendant in a total amount of money substantially in excess of the minimum jurisdictional limit of this Court, together with prejudgment and post-judgment interest as provided by applicable laws; for all costs of court; and for all such other and further relief, both general and special, legal and equitable, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**CRIM & VILLALPANDO, PC**

/s/ *Wade D. Moriarty*

Wade D. Moriarty
Texas Bar No. 00789503
2122 E Governors Circle
Houston, Texas 77092
(713)-807-7800 Telephone
(713)-807-8434 Facsimile
Wade@CVinjurylawyers.com

**ATTORNEY FOR PLAINTIFF**

Case 4:21-cv-00489   Document 1-2   Filed on 02/12/21 in TXSD   Page 8 of 11

1/22/2021 11:43 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49944205
By: Bristalyn Daniels
Filed: 1/22/2021 11:43 AM

CAUSE NO. 202075888

| | | |
|---|---|---|
| JUAN CERVANTES | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| PANDA EXPRESS, INC. and | § | |
| PANDA RESTAURANT GROUP, INC. | § | |
| Defendant. | § | 165TH JUDICIAL DISTRICT |

## DEFENDANT PANDA EXPRESS, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant PANDA EXPRESS, INC., incorrectly also sued as PANDA RESTAURANT GROUP, INC., and files this Original Answer to Plaintiff's Original Petition ("Petition"), and in support thereof, would respectfully show the Court the following:

### I. General Denial

1. Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendant in Plaintiff's Petition.

### II. Affirmative Defenses

2. Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3. Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4. Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

5. Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

6. To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

7. Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

### III.  Jury Demand

8. Defendant hereby exercises its rights to demand a trial by jury under Rule 216 of the Texas Rules of Civil Procedure on all issues triable by a jury.

### IV.  Request for Disclosure

9. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose, within thirty days of service of this request, the information or material described in Rule 194.2(a)-(l) and the documents described in Rule 194.4 of the Texas Rules of Civil Procedure.

## V. Prayer

FOR THESE REASONS, Defendant PANDA EXPRESS, INC., incorrectly also sued as PANDA RESTAURANT GROUP, INC., respectfully prays that the Court enter a judgment that:

1. Dismisses all claims against Defendants PANDA EXPRESS, INC. and PANDA RESTAURANT GROUP, INC.., and orders that Plaintiff takes nothing by reason of Plaintiff's allegations.

2. Orders that Defendant recover all costs incurred in defense of Plaintiff's claims, and that Defendant's judgment against Plaintiff include the following:

   a. Costs of suit; and

   b. Such other and further relief, general and special, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

MEHAFFYWEBER, P.C.

By:/s/Maryalyce W. Cox
Maryalyce W. Cox
State Bar No. 24009203
One Allen Center
500 Dallas, Suite 2800
Houston, Texas  77002
Telephone  - (713) 655-1200
Telecopier  - (713) 655-0222
maryalycecox@mehaffyweber.com

ATTORNEYS FOR DEFENDANTS
PANDA EXPRESS, INC., incorrectly also sued as
PANDA RESTAURANT GROUP, INC.

3

## **CERTIFICATE OF SERVICE**

    This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on January 22, 2021, pursuant to the Texas Rules of Civil Procedure.

*Maryalyce W. Cox*
Maryalyce W. Cox
